```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :      13 Civ. 6789 (DLC)
                         Petitioner,     :      10 Cr. 856-03 (DLC)
                                         :
            -v-                          :      OPINION & ORDER
                                         :
NABEEL RANA, a/k/a Muhammad Nabeel        :
Butt,                                    :
                                         :
                         Defendant.      :
                                         :
-----------------------------------------X
```

APPEARANCES

For the petitioner Nabeel Rana:

Paul D. Petrus Jr.
Paul D. Petrus Jr. & Associates, P.C.
350 Fifth Avenue, Suite 3601
New York, NY 10118
212-564-2440

DENISE COTE, District Judge:

    On September 26, 2013, Nabeel Rana ("Rana") filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence for conspiracy to commit bank fraud of September 9, 2011.  Rana contends that this petition should not be dismissed as untimely notwithstanding § 2255's one-year statute of limitations because the statute of limitations should be equitably tolled.  For the following reasons, Rana's request for equitable tolling is denied and the petition is dismissed as untimely.

BACKGROUND

On May 19, 2011, Rana pled guilty to conspiracy to commit bank fraud.  See 18 U.S.C. §§ 1344, 1349.  On September 9, Rana was sentenced to time served followed by three years of supervised release with eight months of home confinement.[1]  The judgment of conviction was entered on September 14.  Rana did not file an appeal and his conviction thus became final on September 28, 2011.  See Moshier v. United States, 402 F.2d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Rule 4(b)(1)(A)(i), Fed. R. App. P. ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed.").  Because the one-year limitations period for a § 2255 motion starts to run on the date that the movant's "judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), Rana's time to file any Section 2255 petition expired on September 28, 2012 absent any tolling.

On July 2, 2013, Rana's present counsel filed a memorandum in support of a motion under § 2255 to vacate, set aside, or

---

[1] Because Rana was convicted of an aggravated felony, on August 7, 2012 the Department of Homeland Security ordered him removed from the United States.  Rana left the United States on September 3, 2012, and resides in Pakistan.

correct his sentence on the ground that he received ineffective assistance of counsel from his prior attorney before pleading guilty because he was not properly informed of the immigration consequences of his plea.  No petition was filed with the July 2 memorandum, and the memorandum did not explain why it should be considered timely.  Accordingly, it was not considered a petition for relief under § 2255.  Rana's present counsel was advised of these and other deficiencies in an Order of July 12, 2013.  On September 26, 2013 Rana properly submitted this petition for relief under § 2255 on the same ineffective assistance of counsel ground as the prior petition.

DISCUSSION

 The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1217 (codified at 28 U.S.C. §§ 2254, 2255 et. seq.), imposes a "1-year period of limitation" on the filing of a petition under § 2255.  28 U.S.C. § 2255(f)(1)(f).  The one-year period of limitation begins to run, as relevant to this motion, from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).

 Here, more than one year passed since the judgment of conviction became final on September 28, 2011 before Rana filed

this motion on September 26, 2013.[2]  Rana contends that § 2255's one year statute of limitations should be equitably tolled.  He argues that he was unaware that he had any basis to challenge his conviction until he was so informed by his current counsel in October 2012.  He also contends that he did not file this petition sooner, immediately following retaining current counsel, because he is out of the country and could not consult with his current counsel.  He also declares that his counsel needed time to "thoroughly review . . . and analyze" the case.

"AEDPA's one-year limitations period may be tolled only if, consistent with the general requirements of equity, a petitioner demonstrates (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011)(citation omitted).  "Equitable tolling applies only in the rare and exceptional circumstance . . . .  In order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time."  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted).

---

[2]  Rana previously filed a procedurally defective "memorandum" in support of § 2255 relief on July 2, 2013: also more than one year after Rana's conviction became final.

4

> To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.

Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). Here, Rana's late filing satisfies neither prong of the two-part AEDPA test. First, nothing in Rana's petition rises to the level of an "extraordinary circumstance." Rana argues that he did not know about any purported infirmity in his initial representation until he was so informed by his current counsel in October 2012. But being unaware of a legal basis for a claim does not constitute an "extraordinary circumstance" under AEDPA. The statute of limitations does not toll until a petitioner obtains counsel to provide advice as to what legal claims to bring. "[P]etitioners often are fully capable of preparing and filing their habeas petitions pro se, and pro se status does not in itself constitute an extraordinary circumstance meriting tolling." Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004).

Nor does the fact of being abroad constitute an extraordinary circumstance warranting tolling. Rana contends that he had "no opportunity to consult with an attorney" after he left the United States in September of 2012, but this argument is unavailing for two reasons. First, Rana provides no

5

support for the proposition that he could not have consulted with his attorney after having left the country. And second, even if being abroad were somehow an extraordinary circumstance, Rana did not leave the country until September 2012. He was in the United States for almost the entire year subsequent to his conviction becoming final and could have filed a petition at some point during that period. Thus Rana cannot establish a "causal relationship" between being out of the country and his untimeliness in filing this petition, even if being out of the country constituted an extraordinary circumstance. <u>Hizbullahankhamon</u>, 255 F.3d at 75.

Moreover, Rana has not been "pursuing his rights diligently" such that equitable tolling would be warranted. "If the petitioner is unable to establish that he diligently attempted to file his petition, the extraordinary circumstances on which his tolling claim is based cannot be said to have caused the lateness of his petition." <u>Doe</u>, 391 F.3d at 175. Here, there is no indication that Rana did anything at all to attempt to file his petition in a timely manner. Even after he says he was made aware of the purported infirmities in his counsel's representation in October of 2012, Rana waited until July 2, 2013 -- eight to nine months later -- to make his first attempt at filing a habeas petition. So even if Rana's lack of knowledge of the legal basis for an ineffective assistance of

counsel appeal were to constitute an an "extraordinary circumstance," his delay of eight to nine months following discovery of his purported right of action demonstrates that he was not pursuing his claim "diligently."[3]

---

[3] Even if Rana's current attorney should have filed this petition immediately upon determining that there was purportedly a cause of action in October, 2012, the petition would still have been untimely.  Moreover, the obligation of due diligence is ultimately the plaintiff's.

CONCLUSION

Rana's September 26, 2013 motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1). As Rana has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c). Additionally, any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

Dated: New York, New York
October 16, 2013

_____
DENISE COTE
United States District Judge